McKinney, J.
delivered tbe opinion of tbe court.
Tbe plaintiff in error was sued before a justice of tbe peace of Jackson county, in tbe character of administrator of Daniel K. Witcher, deceased, upon an account for twenty-three dollars and thirty-four cents, due from the intestate, in his life time, to the defendants in error, Jackson and Williams. Suit was commenced on the 6th day of November, 1847, more than two years after the qualification of the plaintiff in error, as administrator of said Witcher. Tbe account had been previously presented to the administrator for payment, who endorsed thereon the following memorandum, in writing, viz: “ The within account is accepted, and will be paid when means sufficient cometo my hands; 28th January, 1846.
“G. M. McWhiRter, Admr.”
The justice rendered judgment for the plaintiffs, and the defendant, McWhirter, appealed to the circuit court, where, after trial before a jury, the plaintiffs below again obtained judgment, to reverse which the case is brought to this court.
It was admitted on the trial of the case in the circuit court, by the administrator, that sufficient assets had come to his hands to have discharged the debt sued for. But it was attempted to resist a recovery, in the circuit court, on the ground, that the writing endorsed upon the account, above set forth, furnished no sufficient evidence of such special request by the administrator for delay, for a definite time, as was requisite to suspend the bar of the act of 1789, ch. 23, sec. 4. And upon this ground the case was put by the circuit judge in his charge to the jury; and the same ground has been assumed in argument here.
*211 We are of opinion, that the act of 1789, has no applica tion to the case; because the written memorandum upon the account, made by the plaintiff in error, is a valid special promise, sufficient within the statute of 1801, ch. 25, sec. 1, to charge him personally with the payment of the debt, upon its being shown that assets sufficient for the discharge thereof subsequently came to his hands. This fact being made appear, as was done upon the trial in the circuit court, the promise «became absolute, and personally obligatory upon the plaintiff in error.
In this view of the case, the judgment of the circuit court may well be maintained, and is affirmed.